NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GREG SUDDRETH, PAUL DUNTON and JOSEPH RICCA, On Behalf Of Themselves And All Others Similarly Situated, | : : : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | : : | **OPINION** |
| v. | : : | Civil Action No. 10-CV-05130 (DMC-JAD) |
| MERCEDES-BENZ, LLC, | : : |  |
| Defendant. | : : |  |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon motion by Defendant Mercedes-Benz, LLC ("Defendant" or "MBUSA") to dismiss Plaintiffs Greg Suddreth ("Suddreth"), Paul Dunton ("Dunton"), and Joseph Ricca ("Ricca") (collectively "Plaintiffs") First Amended Complaint, pursuant to FED. R. CIV. P. 12(b)(6), and to strike Plaintiff's Class Allegations. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court for the reasons herein expressed that Defendants' motion to dismiss is **granted**.

I.     **BACKGROUND**[1]

Plaintiffs brought this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

on behalf of themselves and all other similarly situated owners and lessees of Mercedes-Benz branded automobiles equipped with Mercedes' M272 or M273 engines in the United States, as well as on behalf of subclasses of owners and lessees of these automobiles in Illinois, Massachusetts, and New Jersey.  Plaintiffs brought this action to recover damages for costs to repair Plaintiffs' model-year 2006 Mercedes-Benz ML 350 vehicles, due to a worn balance shaft gear that required replacement after Plaintiffs' Limited Warranty covering repairs or replacements had expired.

Plaintiff Suddreth is a citizen of Illinois and purchased his vehicle in Illinois in October 2006. Plaintiff Dunton is a citizen of Massachusetts and purchased his vehicle in Massachusetts in May 2005.  Plaintiff Ricca is a citizen of New Jersey and purchased a used model-year 2006 vehicle in New Jersey in March 2009.  Incident to their purchases, Plaintiffs received Limited Warranties covering "any repairs or replacements necessary, to correct defects in material or workmanship arising during the warranty period."  The Limited Warranties were to cover 48 months or 50,000 miles, whichever occurred first.  The alleged defects with Plaintiffs' cars arose after the expiration of the Limited Warranty.[2]

Plaintiffs brought this action, alleging that their vehicles were equipped with defective gears in their balance shafts that wear out prematurely and excessively, causing the vehicle to malfunction, the "check engine light" to remain illuminated, and the vehicle to misfire and/or stop driving. Plaintiffs allege that Defendant MBUSA has known of this defect all along, as evidenced by its own internal documents.  In support of this proposition, Plaintiffs site to a "Technical Service Bulletin"

---

[2]Plaintiff Suddreth's problem arose after 65,000 miles, Plaintiff Dunton after four years, and Plaintiff Ricca, after 50,000 miles.

2

("TSB")[3] issued on August 23, 2007, as well as to subsequent Mercedes diagnostic codes and manuals which instruct Mercedes repair technicians to check for probable balance shaft gear wear. Plaintiffs also point to the fact that Mercedes replaced the balance shaft gear in its M272 and the idle gear in its M273 in 2009, yet took no action and made no disclosure as to the defective balance shaft and idle gears on the then existing Mercedes vehicles equipped with those engines.

Plaintiffs maintain that in spite of this alleged knowledge, Defendant has failed to take appropriate corrective or remedial action, and has concealed the existence of this defect from unsuspecting owners and lessees. Plaintiffs further allege that Mercedes' concealment and omission of disclosure of the defect represents an intentional campaign to fraudulently deceive the buying public and an effort on the part of Defendant to avoid liability and enhance the revenue stream to its dealership's repair garages.

For the following reasons, this court finds that Plaintiff has failed to state a claim upon which relief can be granted, and Defendants Motion to Dismiss is therefore **granted.**

II.    MOTION TO DISMISS

A.    LEGAL STANDARD

1.    Standard of Review for Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1)

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most

---

[3]A Technical Service Bulletin is a document disseminated internally that informs Mercedes technicians how to diagnose and repair the identified problem. The TSB at issue documented the problem and informed Mercedes technicians how to diagnose it and replace the defective balance shaft or idle gears.

favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a ... motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

"A complaint will survive a motion to dismiss if it contains sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, 2009 WL 3806296, *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 129 S.Ct. at 1950). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950.

2.     FED. R. CIV. P. 9(b)

Fraud-based claims are subject to FED. R. CIV. P. 9(b). Dewey v. Volkswagon, 558 F. Supp. 2d 505, 524 (D.N.J. 2008) ("[New Jersey Consumer Fraud Act] claims 'sounding in fraud' are

4

subject to the particularity requirements of Federal Rule of Civil Procedure 9(b).").  Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."   A plaintiff must state the circumstances of the alleged fraud "with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (citing Lum v. Bank of America, 361 F.3d 217, 223-224 (3d Cir. 2004).  To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."  Id.

B.   DISCUSSION

Defendant moves to dismiss Plaintiffs' Complaint in its entirety.  The Court will separately consider Defendant's motion as to each of Plaintiffs' set of claims:  (1) claim for breach of express warranty[4], (2) claim for breach of implied warranty of merchantability, (3) fraud-based claims, (4) tort-based claims, and (5) unjust enrichment.[5]

1.   Breach of Express Warranty

Plaintiffs allege that despite the fact that the problems with their cars did not manifest themselves until outside of the warranty limitations, Defendants nevertheless breached the express warranty because the defect in the balance shaft gear or idle shaft was present from the time of manufacture.  In the alternative, Plaintiffs argue that the durational period of the warranty was

---

[4]This Court will not conduct a choice of law analysis with respect to which State's laws should apply to Plaintiff's respective claims, as this Court finds that Plaintiffs claims for relief would not sustain under any of the laws of the Plaintiffs' home states.

[5]As we find that the representative Plaintiffs have failed to state a claim upon which relief could be granted, we do not consider the certification of the remainder of the class.

unconscionable.

As a general rule, "general warranties limited by time or mileage do not cover repairs made after the applicable time has elapsed." See Alban v. BMW of N. Am., LLC, No. 09-5398, 2010 U.S.Dist. LEXIS 94038, *19 (D.N.J. Sept. 8, 2010). Courts have consistently rejected claims that a latent defect was present in a vehicle from the date of manufacture, when that defect did not manifest itself until outside of the warranty period. Id. At 24 (quoting Abraham v. Volkswagen of Am., Inc., 795 F.2d 238, 250 (2d Cir. 1986) and cautioning that virtually all product failures discovered in automobiles after the expiration of the warranty can be attributed to a latent defect). Further, this rule applies regardless of whether the defect existed prior to the expiration of the warranty. See Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 616 (3d Cir. 1995).

Some courts have recognized an exception to the rule that limited warranties will not cover post-expiration repairs if it can be shown that the warranty in question is unconscionable. See In re Samsung, 2009 U.S. Dist. LEXIS 100065, at *14 (D.N.J. Oct. 27, 2009). However, a finding of unconscionability cannot be premised solely upon allegations that Defendant knew that a defect in the product might arise. Notably, this Court dismissed a claim of unconscionability for a warranty with the exact same parameters as the warranty at issue here when Plaintiff failed to explain why the limitation was unconscionable, why the period was unduly brief, or point to any sign of disparate bargaining power. See Alban, 2010 U.S.Dist. LEXIS 94038 at *25-26. The sole basis that Plaintiff provides for his assertion that the warranty was unconscionable is that Defendant had knowledge of the defect when it sold the vehicles. Plaintiffs' claims that Defendant exercised superior bargaining power over Plaintiff are solely premised upon this supposed knowledge without further support.

Here, as an initial matter, Plaintiffs do not provide sufficient factual support to present a

6

plausible claim that Defendants knew of the defect when they issued the warranties in question.  In support of their assertion of Defendant's knowledge, Plaintiffs can only point to one document issued in 2007, one year after the cars were sold and the warranties issued, and subsequent protocols and modifications in the Defendant's cars.  This factual support is insufficient to raise a plausible claim as to Defendant's knowledge because it only points to Defendant's knowledge *after* the warranties were issued.

Second, Plaintiffs have failed to demonstrate why the limitations provided in the warranty were unconscionable.  Plaintiffs point to four cases in this District in which claims of unconscionability have been permitted to go forward. See Henderson v. Volvo Cars of N. Am., LLC, No. 09-4146, 2010 WL 2925913 (D.N.J. July 21, 2010);  In re Samsung, No. 07-2141, 2009 WL 35843452 (D.N.J. Oct. 27, 2009); Payne v. Fujifilm U.S.A., Inc. No. 07-385, 2007 U.S. Dist. LEXIS 94765 (D.N.J. Dec. 28, 2007); and In re Ford Motor Co. Ignition Switch Prods. Liab. Litig., Nos. 96-3125, 96-1814, 1999 U.S. Dist. LEXIS 22892 (D.N.J. May 14, 1999).  However, what Plaintiffs fail to note is that in each of the cases cited, the moving party alleged that Defendant knew or should have known of the alleged defect, but held that mere knowledge was insufficient on its own to establish a breach of express warranty.  Rather, the court held that further allegations of unconscionability were required. See e.g. Henderson, 2010 WL 2925913 at *1 (alleged knowledge based on widespread complaints, complaints to national Highway Traffic Safety Administration, complaints to manufacturer, and technical service bulletins issued to address the known problem); In re Samsung, 2009 WL 3584352, (alleging time limit of one year was grossly inadequate to protect the plaintiffs, that members of the Class had no meaningful choice in determining the limitations, the terms of the warranty unreasonably favored Samsung, and a gross disparity in bargaining power

7

existed between Samsung and the Class); <u>Payne,</u> 2007 U.S. Dist. LEXIS 94765 at *4 (stating in detail why a one-year time limitation was unconscionable).   Here, Plaintiffs' allegations of unconscionability are solely premised upon Defendant's supposed knowledge of the defect, which is only substantiated by a  TSB issued one year after the warranties were issued.  As Plaintiffs have failed to establish even a plausible claim of knowledge, such assertions of unconscionability cannot stand.  Moreover, the one-year warranty periods found to be unconscionable in <u>In re Samsung</u> and <u>Payne</u> are much shorter than the four-year time period here.  As discussed in further detail below, Plaintiffs use of their vehicles for four years cannot be classified as nominal use.  Plaintiffs claim for breach of express warranty must be dismissed.

2.   <u>Breach of Implied Warranty of Merchantability</u>

Plaintiffs claims of breach of the implied warranty of merchantability at bottom fail for the same reasons that their express warranty claims fail, as the implied warranties of merchantability are limited to the same term as the express warranty.   Therefore the implied warranty of merchantability expired before Plaintiffs' problems arose, and Plaintiffs may not therefore allege a breach of the expired warranty.

Moreover, Plaintiffs fail to allege why the cars as sold were not of merchantable quality.  A party will not be able to raise a claim of breach of implied warranty of merchantability when they have been able to drive their vehicles for several years without issue.  See <u>Sheris,</u> Case No. 07-2516 2008 U.S. Dist. LEXIS 43664, *16 (rejecting claim of breach of implied warranty of merchantability when car was driven for two years and 20,618 miles).  Here, Plaintiffs all admit that they were able to drive their vehicles for several years without issue.  Plaintiffs claim that they should not be barred from raising a claim of breach of warranty of merchantability because they were able to operate their

8

vehicles for some "nominal" period of time.  However, in light of the holding in <u>Sheris</u>, we reject Plaintiffs' contention that their use of their vehicles was merely "nominal."

Moreover, although Plaintiffs allege that the pertinent question is whether the defective component lasted less than the accepted useful life of such component within industry standards, Plaintiffs do not provide further support as to how the length of time here fell so below industry standards as to render the product unmerchantable. It is simply not plausible that a motor vehicle could be classified as not merchantable when it has been used for its intended purpose for 4 years and 50,000 miles.  Plaintiffs have therefore failed to state a claim of breach of implied warranty of merchantability, and this claim must similarly be dismissed.

    3.  <u>Fraud-Based Claims</u>

Plaintiffs raise claims of fraud for alleged violations of the Consumer Fraud laws of the state of each respective subclass.  Plaintiffs allege that Defendant's failure to disclose the known defects and subsequent denial of warranty coverage for repairs that arose as the result of those defects amount to unconscionable commercial practice, deception, fraud, false pretense, or the knowing concealment, suppression, or omission of any material fact with the intent that others rely in connection with the sale or advertisement.  Plaintiffs' fraud-based claims are therefor all based on the same allegation that MBUSA knew of the defect, yet continued to sell the cars to consumers without disclosing that fact, and continued to deny warranty coverage for defects that arose past the expiration of the warranty.  Because this court finds that Plaintiff's fraud-based claims would fail to state a claim for relief under New Jersey, Massachusetts, and Illinois law, Defendant's motion to dismiss Plaintiff's fraud-based claims will be granted.

Pursuant to New Jersey law, and as previously recognized by this Court, "in cases where an

9

allegedly defective product was covered by a warranty, '[a] claim that a defect may, but has not, manifested itself until after the expiration of the warranty period cannot for the basis of a claim under the [NJ]CFA.  Rather, a plaintiff must sufficiently allege that the defendant manufacturer knew with certainty that the product at issue or one of its components was going to fail." Tatum v. Chrysler Group, LLC, 2011 U.S. Dist. LEXIS 32362, *16 (D.N.J. March 28, 2011), citing Perkins v. Daimler Chrysler Corp., 383 N.J. Super. 99, 890 A.2d 997, 1004 (N.J.Super.Ct.App.Div. 2006); see also Maniscalco v. Bro. Int'l Corp., 627 F.Supp.2d 494, 501-02 (D.N.J. 2009).  As previously discussed, Plaintiffs here have fallen well short of establishing to a certainty that MBUSA knew that the components were going to fail, and have therefore failed to allege sufficient facts to raise a claim under the NJCFA.  Therefore, Plaintiff Ricca has failed to state an NJSFA claim.

Because Plaintiffs raise the same allegations in support of their claims for violation of the Illinois Consumer Fraud Act and the Massachusetts Deceptive Practices and Consumer Protection Act, we do not repeat our analysis here.  It is sufficient to note that the ICFA and MDPCPA similarly require a demonstration that Defendants engaged in a deceptive act or practice and that Plaintiff was injured by such acts. See Evitts v. DaimlerChrysler Motors Corp., 359 Ill.App.3d 504, 509 (Ill.App.Ct. 2005); Vaughn v. AAA, 326 F.Supp.2d 195, 199 (D.Mass. 2004).  Because Plaintiff has failed to allege sufficient facts to demonstrate that Defendants plausibly knew of the defect and willfully concealed that information from the public, Plaintiffs ICFA and MDPCPA claims must also fail.

We further note  that Plaintiff Dunton's claim would similarly fail under the MDPCPA, which provides an additional notice requirement with which Plaintiffs did not comply.  Under the Mass. Gen. Laws. Ann. 93A §9, a Plaintiff is required to mail or deliver to any prospective

respondent at least thirty days prior to the filing of any action for damages under Mass. Gen. Laws. Ann. 93A, §11, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered." Mass. Gen. Laws. Ann. 93A, §9(3).  Here, Plaintiffs attempt to assert that the filing of the original complaint constituted sufficient notice, as the MACFA does not require a specific formula for the pre-litigation written demand. However, as Defendant correctly points out, a complaint is by definition not "pre-suit" and the filing of the original complaint does not suffice as proper notice.

4.    <u>Tort-Based Claims</u>

Plaintiff also raises various tort-based claims in support of their prayer for relief.  Plaintiff raises claim of strict liability for defective manufacture and failure to warn (Counts VI and VII respectively) as well as claims of negligence (Count VIII).  Because this court finds that these claims are barred by the economic loss doctrine, Defendant's motion to dismiss Plaintiff's tort-based claims will be granted.

The Economic Loss Doctrine is intended to bar claims sounding in tort for purely economic losses when the relationship of the parties is contract-based and therefore governed by contract law. See <u>Dean v. Barrett Homes, Inc.,</u> 204 N.J. 286, 295-97 (2010); <u>Anderson Elec., Inc. v. Ledbetter Erection Corp.,</u> 503 N.E.2d 246, 249 (Ill.1986); <u>Garewth Corp. v. Boston Edison Co.,</u> 415 Mass. 303, 305 (1993).  Plaintiff attempts to avoid the application of the economic loss doctrine by alleging that it is inapplicable in situations where Defendant's duties arose independent of any contract. Plaintiff points to the Federal Motor Vehicle Safety Act as providing an independent basis for Defendant's duty to Plaintiffs.

Plaintiffs' attempts to avoid the application of the Economic Loss Doctrine are unavailing.

11

First, the FMVSA does not provide for a  private right of action, and is therefore not intended to create a duty the breach of which would give rise to civil liability. See Burgo v. Volkswagen of Am., 183 F.Supp.2d 683, 688 (D.N.J. 2001).   Second, again Plaintiff has failed to allege any cognizable injury beyond an economic loss, as the injuries alleged are the money damages incurred by Plaintiffs in the repairs of their defective gears.   Plaintiffs are therefore precluded by the Economic Loss Doctrine from raising any claims sounding in tort, and their claims must be dismissed.

### 5.    Unjust Enrichment

Under New Jersey, Illinois, and Massachusetts law, the unjust enrichment doctrine requires that a plaintiff show the defendant retained money or property belonging to him against the fundamental principles of justice or equity. See VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554 (1993) (holding unjust enrichment requires a showing that Plaintiff "expected remuneration from the defendant at the time [he] performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights"); Santagate v. Tower, 833 N.E.2d 171, 176 (Mass.App.Ct. 2005)(defining unjust enrichment as the "retention of money or property of another against the fundamental principles of justice or equity and good conscience"); HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc., 545 N.E.2d 672, 679 (Ill. 1989)(a cause of action based on the theory of unjust enrichment requires a plaintiff to "allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience.")

Plaintiffs maintain that MBUSA retained substantial benefits in declining to incur the cost of repairing Plaintiffs' defective parts beyond the expiration of the warranty period. In light of Defendant's failure to disclose the defects, as well as their failure to properly remedy the defects that

12

arose after the expiration of the warranty, Plaintiffs maintain that it would be inequitable for Defendant to be permitted to retain those benefits.  As Plaintiffs' claims alleging wrongful conduct on the part of Defendant have already been dismissed, Plaintiffs may not sustain their allegations of unjust enrichment on such grounds.  Plaintiffs' claims for unjust enrichment must therefore be dismissed.

**IV.**   **CONCLUSION**

Accordingly, as we find that Plaintiffs have failed to state a claim upon which relief can be granted,  Defendant's motion to dismiss is **granted**.

 S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Date:        October  31 . 2011
cc:          All Counsel of Record
             Hon. J. A. Dickson, U.S.M.J.
             File