NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREG SUDDRETH, PAUL DUNTON, AND JOSEPH RICCA, On Behalf Of Themselves And All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiffs,<br>v.<br><br>MERCEDES-BENZ USA, LLC<br><br>　　　　　　　　　Defendant. | Hon. Dennis M. Cavanaugh<br><br>**OPINION**<br><br>Civil Action No. 10-CV-05130 (DMC-JAD) |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before this Court upon Plaintiffs Greg Suddreth, Paul Dunton, and Joseph Ricca's (collectively "Plaintiffs") Motion for an order granting Plaintiffs leave to file a Second Amended Complaint. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After considering all submissions, it is the decision of this Court that Plaintiff's motion for leave to amend is **denied**.

I.　　**BACKGROUND**[1]

On February 14, 2011, Plaintiffs filed their First Amended Complaint against Defendant Mercedes-Benz, LLC ("Defendant" or "MBUSA"), pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), on behalf of themselves and all other similarly situated owners and lessees of Mercedes-Benz branded automobiles equipped with Mercedes M272 or M273 engines in the United States, as well as on behalf of subclasses of owners and lessees of these automobiles in Illinois, Massachusetts, and New Jersey. ECF No. 16. Plaintiffs sought damages based on the costs to repair Plaintiffs' model-year 2006 Mercedes-Benz ML350 vehicles due to worn balance

---

[1] The facts have been taken from the parties' respective submissions.

shaft gears that required replacement after Plaintiffs' Limited Warranties covering repairs or replacements had expired. The Limited Warranty covered "any repairs or replacements necessary, to correct defects in material or workmanship arising during the warranty period," which was for 48 months or 50,000 miles, whichever occurred first. ECF No. 28-2.

Plaintiffs alleged that their vehicles were equipped with defective gears that wore out prematurely and excessively. They further alleged that Defendant knew of this defect, but failed to take corrective action, and concealed the defect from unsuspecting owners and lessees. Plaintiff's First Amended Complaint consisted of nine separate claims: Count I for breach of express warranty, Count II for violation of the New Jersey Consumer Fraud Act, Count III for violation of the Illinois Consumer Fraud Act, Count IV for violation of Massachusetts Deceptive Trade Practices and Consumer Protection Act, Count V for breach of implied warranty of merchantability, Count VI for defective manufacture strict liability, Count VII for failure to warn strict liability, Count VIII for negligence, and Count IX for unjust enrichment. ECF No. 16. Defendant moved to dismiss Plaintiffs' First Amended Complaint in its entirety on March 28, 2011. ECF No. 19.

On October 31, 2011, the Honorable Dennis M. Cavanaugh, U.S.D.J., issued an Opinion and Order granting Defendant's motion and dismissing each of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 26, 27. Plaintiffs filed the instant motion for leave to file a Second Amended Complaint on December 1, 2011, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. ECF No. 28. The proposed amendment does not challenge dismissal of Counts IV, VI, VII, or VIII of the First Amended Complaint, but does attempt to cure the deficiencies as to the other counts by adding additional facts regarding Defendant's alleged knowledge of the vehicular defects. ECF No. 28-1.

Defendant filed an Opposition Brief on December 20, 2011, in which Defendant argues that Judge Cavanaugh's Order of dismissal was an adjudication on the merits, and, therefore, Plaintiffs were required to file a motion under either Rule 59 or Rule 60, not Rule 15. ECF No. 29. Plaintiffs filed a Reply Brief on December 27, 2011. In their Reply, Plaintiffs assert first that Judge Cavanaugh's Order was *not* a final judgment, and second, even if it *is* a final judgment, the Court should automatically convert the Rule 15(a) motion into either a Rule 59 or 60 motion, to be governed by Rule 15(a)'s liberal standard. ECF No. 30. On January 18, 2012, Defendant submitted a Letter Brief asking the Court to summarily reject Plaintiffs' Reply Brief on the ground that Plaintiffs improperly raised new arguments, specifically those based on Rules 59 and 60, for the first time in the Reply Brief. ECF No. 31.

The matter is now before the Court.

## II.  LEGAL STANDARD

"A plaintiff may obtain leave of the Court to amend its Complaint pursuant to [Federal Rule of Civil Procedure 15(a)] *prior* to a determination having been rendered." Korontholy v. L'Oreal USA, Inc., No. 07-CV-5588, 2008 WL 4723862, at *3 (D.N.J. Oct. 24, 2008) (emphasis added). "Although Rule 15 vests the District Court with considerable discretion to permit amendment 'freely . . . when justice so requires,' the liberality of the rule is no longer applicable once judgment has been entered. At that stage, it is Rules 59 and 60 that govern the opening of final judgments." Ahmed v. Dragovich, 297 F.3d 201, 207-08 (3d Cir. 2002) (quoting Fed. R. Civ. P. 15(a)). "To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." Ahmed, 297 F.3d at 208 (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1489 (2d ed. 1990)).

"[C]ourts 'are free to recharacterize the motion to amend [as a Rule 59 or 60 motion] to match the substance of the relief requested.'" S. Jersey Gas Co. v. Mueller Co., Ltd., No. 10-2898, 2011 WL 1831744, at *2 (3d Cir. May 13, 2011) (quoting Ahmed) (internal citation omitted) (alteration in original).

Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of a judgment.[2] Fed. R. Civ. P. 59(e). "The District Court loses jurisdiction to hear such a motion after the time limit has expired." Koronthaly, 2008 WL 4723862, at *3. Rule 59(e) motions can only be granted where: "(1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises." Gutierrez v. Ashcroft, 289 F.Supp.2d 555, 561 (D.N.J. Oct. 30, 2003) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). "[R]equests pursuant to [Rule 59(e)] are to be granted 'sparingly,' . . . and only when 'dispositive factual matters or controlling decisions of law' were brought to the court's attention, but not considered." Id. (citing Pelham v. United States, 661 F.Supp. 1063, 1065 (D.N.J. June 4, 1987)).

"If the motion to amend had been filed more than 28 days after judgment, it would be construed as a motion under Rule 60." Mueller, 2001 WL 1831744, at *2 n.2; see also Ahmed, 297 F.3d at 209 ("Where, as here, the motion is filed outside the [deadline] provided for under Rule 59(e) but within the year permitted under Rule 60(b), and the motion may be read to include grounds cognizable under the latter rule, we will consider it to have been filed as a Rule 60(b) motion."); see, e.g., Venen v. Sweet, 758 F.2d 177, 122-23 (3d Cir. 1985) (treating an untimely Rule 59 motion as the "functional equivalent" of a timely motion under Rule 60(b)).

---

[2] The 2009 amendment to the Federal Rules of Civil Procedure extended the previous ten day deadline to make post-judgment Rule 59(e) motions to the 28 day deadline in effect today.

4

Rule 60(b) sets forth six specific grounds upon which a party can obtain relief from a judgment or order. These are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

### III.   DISCUSSION

#### A.   Final Judgment

Plaintiffs contend that because the Opinion and Order issued by Judge Cavanaugh failed to specify whether the Complaint was dismissed with or without prejudice, the Court should find it was dismissed without prejudice.[3] According to Plaintiffs, since the Order did not explicitly say "with prejudice" no final judgment was entered, and therefore the instant motion is properly considered a Rule 15 motion.

Plaintiffs' argument is completely unavailing. "[T]he Federal Rules of Civil Procedure provide that all involuntary dismissals are with prejudice unless the dismissal order clearly states otherwise." Delrio-Mocci v. Connolly Props. Inc., No. 08-2753, 2009 U.S. Dist. LEXIS 84459, at *4-5 (D.N.J. Sept. 16, 2009); see Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . .

---

[3] To the extent Plaintiffs attempt to use Orders entered by Judge Cavanaugh, in other *unrelated* cases, in which the Order explicitly states "with prejudice" to buttress their argument, the Court is not persuaded. Simply because there are some instances where Judge Cavanaugh explicitly stated "with prejudice" does not change the fact that he does not need to do so since, pursuant to Rule 41(b) and the relevant case law, a dismissal is with prejudice *unless* the Order states *otherwise*.

operates as an adjudication on the merits."); see, e.g., Shane, 213 F.3d at 115 ("Because the order did not specify that the dismissal was without prejudice, under Fed. R. Civ. P. 41(b) the dismissal 'operates as adjudication upon the merits.'"). Indeed, the Third Circuit has clearly rejected the argument Plaintiffs' now raise:

> [Plaintiff] argues that because the District Court's order did not include language declaring that the case was closed or dismissed with prejudice, it did not constitute a final judgment. We reject this argument. A dismissal, 'except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19' constitutes an 'adjudication on the merits.'

Haagensen v. Sup. Ct. of Pa., No. 09-1957, 2010 WL 3157139, at *2 (3d Cir. Aug. 10, 2010).

Based on the foregoing, it is clear that Judge Cavanaugh's Order dismissing the case operated as an adjudication upon the merits and is properly considered a final judgment. "After judgment dismissing the complaint is entered, a party may seek to amend the complaint (and thereby disturb the judgment) *only* through Federal Rule of Civil Procedure 59(e) and 60(b)." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007) (emphasis added). Accordingly, Plaintiffs' motion for leave to amend pursuant to Rule 15 is procedurally infirm since it was filed *after* dismissal. However, the Court is free to re-characterize Plaintiffs' Rule 15(a) Motion "to match the substance of the relief requested," as either a Rule 59(e) or 60(b) motion. Ahmed, 297 F.3d at 208; see also South Jersey Gas Co., 2011 WL 1831744, at *2; accord Fletcher-Harlee, 482 F.3d at 252. While the Court may re-characterize the motion, Court must review the motion based on the standard applicable to the relevant Rule, i.e. Rule 59 or Rule 60, as appropriate, and not simply the liberal standards of Rule 15. See South Jersey Gas Co., 2011 WL 1831744, at *2 (finding that in case where motion to amend was filed after summary judgment was entered for one defendant, but before the second defendant's summary judgment motion had been decided, the motion to amend should be

6

construed as a Rule 59 motion, and evaluated under Rule 59 standards, as to the first defendant and under Rule 15 as to the second defendant); Ahmed, 297 F.3d at 208 (finding that *after* final judgment is entered, Rule 15's liberality standard does not apply as "it is Rules 59 and 60 that govern the opening of final judgments"); Fletcher-Harlee, 482 F.3d at 253 (noting that a motion to amend filed within Rule 59's timeframe may be evaluated under Rule 15's standard, but if filed outside of that window, the motion must be evaluated pursuant to Rule 60's good cause requirement).[4]

### B.    Rule 59(e) Analysis

Rule 59(e) requires any motion to amend or alter the judgment be filed within 28 days. Judge Cavanaugh issued the Opinion and Order on October 30, 2011. Plaintiffs filed their motion on December 1, 2011, three days *after* the 28 day period granted by Rule 59(e). ECF No. 28. Since Plaintiffs failed to file their motion within the 28 day time period, this Court lacks the jurisdiction to consider the matter. Korontholy, 2008 WL 4723862, at *3 ("The District Court loses jurisdiction to hear such a motion [under Rule 59(e)] after the time limit has expired."); see also Browder v. Dir. Dep't of Corr. of Ill., 434 U.S. 257, 263 n. 7 (1978); Kraus v. Consol. Rail Corp., 899 F.2d 1360, 1362 (3d Cir. 1990). Since this Court lacks jurisdiction, Plaintiffs motion under Rule 59(e) must be denied.

### C.    Rule 60(b) Analysis

Rule 60(b) provides the six limited grounds upon which Plaintiffs may obtain post-judgment relief. Plaintiffs argue that they satisfy Rule 60's standard because Rule 60(b) allows a

---

[4] To the extent that Plaintiffs argue this Court should only apply Rule 15's liberal standards, this Court disagrees. The Court notes that each of the cases on which Plaintiffs rely to support that proposition is distinguishable from the instant matter. For example, in Adams v. Gould, 739 F.2d 858, 864 (3d Cir. 1984), a Rule 59 motion was filed contemporaneously with a Rule 15 motion to amend. Similarly, in Newark Branch, NAACP v. Town of Harrison, 907 F.2d 1408, 1410-11, a case that was specifically dismissed *without* prejudice, a contemporaneous Rule 59 motion was filed along with the motion to amend.

litigant to obtain relief from a "final judgment, order or proceeding" due to "mistake, inadvertence, surprise, or excusable neglect," as well as "any other reason that justifies relief." Pl. Reply at 12 (citing Fed. R. Civ. P. 60(b)). Specifically, Plaintiffs argue that the Court made a judicial mistake when it entered a final judgment dismissing the First Amended Complaint without giving Plaintiffs an opportunity to amend. According to Plaintiffs, the Court was required to first explicitly inform Plaintiffs of their right to amend before dismissing the First Amended Complaint and entering final judgment.

Again, the Court is not persuaded. Plaintiffs rely on the Third Circuit decision in Chemtech Int'l, Inc. v. Chem. Injection Tech., Inc., No. 05-2296, 2006 WL 690837, at *5 (3d Cir. Mar. 20, 2006) to support their argument. While Plaintiffs are correct in noting the Third Circuit found the District Court erred in dismissing the Complaint without allowing Plaintiff time to amend, or, alternatively, determining any amendment would be futile, Plaintiffs fail to note that the Third Circuit went on to state that

> [t]he Federal Rules only guarantee [Plaintiff] *one* amendment 'as a matter of course . . . before a responsive pleading.' Thus, if [Plaintiff] fails to state a claim in its amended complaint, the District Court would be under *no obligation* to offer it a *second* time-limited opportunity to amend in its order.

Chemtech, 2006 WL 690837, at *6 (quoting Fed. R. Civ. P. 15(a)) (internal citation omitted) (emphasis added). Here, Plaintiffs already filed their *First* Amended Complaint on February 14, 2011. ECF No. 16. The Court was under no obligation to grant Plaintiffs leave to amend their Complaint for a *second* time. Moreover, to the extent Plaintiffs argue that since their First Amendment "was done as of right without [C]ourt intervention or approval (i.e. without any requirement for obtaining leave of [C]ourt to amend)," the Court does not see the same significance in this fact as do Plaintiffs, and Plaintiffs provide no authority to support their argument that this fact somehow changes the equation. Finally, the Third Circuit has held that in

"ordinary civil litigation," the Court may enter final judgment after granting a motion to dismiss pursuant to Rule 12(b)(6) without granting Plaintiff leave to amend. Fletcher-Harlee, 482 F.3d at 253; see also id. at 252 (noting that the Third Circuit "implicitly rejected any argument that, outside of civil rights cases, district court must *sua sponte* grant leave to amend before dismissing a complaint for failure to state a claim. Thus, we held that a district court need not worry about amendment when the plaintiff does not properly request it."). Accordingly, this Court finds no judicial mistake in Judge Cavanaugh's Opinion and Order granting dismissal with prejudice.

Since Plaintiffs have not demonstrated that any of the six grounds for granting relief from judgment are satisfied, the Court finds no good cause under Rule 60(b) to grant Plaintiffs motion.[5]

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to file a Second Amended Complaint is **denied**.

SO ORDERED

_____
Joseph A. Dickson, U.S.M.J.

cc:   Hon. Dennis M. Cavanaugh, U.S.D.J.

---

[5] The Court notes that to the extent Plaintiffs have asserted that, given the class action pleading and pre-certification stage of proceedings in this case, they can merely file the proposed Second Amended Complaint as a new, original complaint with new named Plaintiffs, that assertion is irrelevant to the instant motion. The Court also notes that Defendant's assertion that if the Second Amended Complaint is allowed then it will merely file a new motion to dismiss is likewise irrelevant.

9